## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| DONALD W. SANDERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:21-CV-00117-SEP |
| MARK DOBBS, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Before the Court is Plaintiff Donald W. Sanders's Motion for Leave to Proceed *in forma pauperis* and Motion to Appoint Counsel. Docs. [2], [3]. For the reasons set forth below, Plaintiff's Motion for Leave to Proceed *in forma pauperis* is granted, but his Motion to Appoint Counsel is denied without prejudice. Further, the Court assesses an initial partial filing fee of $1.00 and directs Plaintiff to submit an amended complaint.

### FACTS AND BACKGROUND

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess—and, when funds exist, collect—an initial partial filing fee of 20 percent of the greater of: (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will then forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

On September 8, 2021, Plaintiff submitted a Certified Inmate Account Statement. Doc. [4]. This document lists the withdrawals made from Plaintiff's prison account since April 2021, but it does not indicate his account balances. Plaintiff states in a handwritten note on the first page that this is the only account statement he could obtain from the prison.

When a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court is instructed to assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances." *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). The Court finds that, given the information available, an assessment of $1.00 is reasonable. Therefore, Plaintiff is required to pay an initial partial filing fee of $1.00. If Plaintiff is unable to pay the initial partial filing fee, he must submit a certified copy of his prison account statement in support of his claim.

## LEGAL STANDARD

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). That means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT

On August 17, 2021, Plaintiff, an inmate at Memphis Federal Correctional Institution (MFCI), filed this action pursuant to 42 U.S.C. § 1983 against Sheriff Mark Dobbs, Deputy Sheriff Derek House, and Deputy Sheriff Brandon Lowe, all of whom are employed by the Butler County Sheriff's Department in Popular Bluff, Missouri.  Also named as a defendant in this action is Amanda Altman, the attorney who represented Plaintiff in his underlying federal criminal case.[1]  *See U.S. v. Sanders*, 1:19-cr-26-SRC-2 (E.D. Mo. Feb. 15, 2019).  Plaintiff brings this action against all defendants in their individual capacities only.

Plaintiff's Complaint alleges that his Sixth Amendment rights were violated due to his attorney's ineffective assistance of counsel, and "seeks the Court to vacate, set aside, or correct his sentence."  Doc. [1] at 4.  Additionally, Plaintiff's Complaint alleges that he "suffered malicious abuse" during his arrest on January 14, 2019.  Plaintiff submits that Defendant Dobbs kicked him in his back and face while he was handcuffed and that the other Defendants "took turns assaulting" him.  *Id.* at 5.  As a result, Plaintiff states that some of his teeth were knocked out.  *Id.*  It is unclear from the Complaint, however, how Defendants House and Lowe specifically assaulted Plaintiff, or if they assisted Defendant Dobbs in kicking him and damaging his teeth.  Finally, Plaintiff alleges that he required medical attention but did not receive it until ten days after the alleged incident.  *Id.* at 5.  Plaintiff does not state whether one of the named Defendants denied him such medical care.

For relief, Plaintiff "seeks [an] amount which is fair and reasonabl[e] in punitive damages along with phy[si]cal injuries."

## DISCUSSION

Having thoroughly reviewed and liberally construed Plaintiff's complaint, and in consideration of Plaintiff's self-represented status and the serious nature of the allegations in the Complaint, Plaintiff will be directed to file an amended pleading.

---

[1] On September 17, 2020, Plaintiff pled guilty to Felon in Possession of Firearms and Attempting to Intimidate or Threaten a Government Witness.  *See U.S. v. Sanders*, 1:19-CR-26-SRC-2, Doc. [195] (E.D. Mo. Sept. 17, 2020).  On March 10, 2021, Plaintiff was sentenced to 110 months of imprisonment in the custody of the United States Bureau of Prisons.  *See id.* at Doc. [307].  A federal district court may take judicial notice, whether requested or not, of its own records and files, and of facts that are part of its public records.  *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981); *see also Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (finding that judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it).

### A. 28 U.S.C. § 2255

Plaintiff's Complaint seeks *both* relief under 42 U.S.C. § 1983 for alleged violations of his constitutional rights *and* to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255.  But a federal inmate may bring a post-conviction challenge to the validity of a conviction and sentence only by filing a § 2255 motion with the judge who sentenced him.  Thus, if Plaintiff wishes to challenge his conviction and sentence, he must proceed in a separate action pursuant to 28 U.S.C. § 2255; the Court cannot vacate Plaintiff's criminal judgment and sentence through this civil suit.  The Court will direct the Clerk to provide Plaintiff with the proper form for filing a motion to vacate, set aside, or correct his sentence.

### B. 42 U.S.C. § 1983

With respect to his excessive force claims against Defendants Dobbs, House, and Lowe, Plaintiff may file an amended complaint against these individuals seeking relief that is distinct from the relief sought under 28 U.S.C. § 2255.  The Court will direct the Clerk to provide Plaintiff with the proper form for filing an amended complaint.  Plaintiff must follow the instructions provided below in presenting his claims to the Court.

The filing of his amended complaint replaces the original complaint, and so it must include all claims Plaintiff wishes to bring.  *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").  Plaintiff must type or neatly print the amended complaint on this Court's prisoner civil rights complaint form, which will be provided to him.  *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the amended complaint, Plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue.  *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").  Plaintiff must not name anyone as a defendant unless that person is directly related to his claim.  Plaintiff must also specify whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

**In the "Statement of Claim" section, Plaintiff should begin by writing the defendant's name.  In separate, numbered paragraphs under that name, Plaintiff should set forth a short and plain statement of the facts that support his claim or claims against**

**that defendant.**  *See* Fed. R. Civ. P. 8(a).  Each allegation must be simple, concise, and direct.  *See id*.  Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances."  *See* Fed. R. Civ. P. 10(b).  If Plaintiff names a single defendant, he may set forth as many claims as he has against that defendant.  *See* Fed. R. Civ. P. 18(a).  If Plaintiff names more than one defendant, he should include only claims that arise out of the same transaction or occurrence—that is, claims that are related to each other.  *See* Fed. R. Civ. P. 20(a)(2).

**Plaintiff must allege facts explaining how each defendant was personally involved in or directly responsible for harming him.**  *See Madewell*, 909 F.2d at 1208.  Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do.  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").  Furthermore, the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."  *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Plaintiff must not amend a complaint by filing separate documents.  Instead, he must file a single, comprehensive pleading that sets forth his claims for relief.

### C. Motion to Appoint Counsel

On August 20, 2021, Plaintiff filed a Motion to Appoint Counsel.  Doc. [3].  In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013).  *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case").  Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."  *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).  When determining whether to appoint counsel for an indigent litigant, a court considers factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim.  *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time.  Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that he has presented non-frivolous claims.  Additionally, this case does not involve complex factual and legal issues, and there is no indication that Plaintiff cannot investigate the facts and present his claims to the Court.  Therefore, Plaintiff's Motion to Appoint Counsel is denied without prejudice.  The Court will consider future motions for appointment of counsel, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Doc. [2]) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, within **thirty (30) days of the date of this Memorandum and Order**, Plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff two blank prisoner civil rights complaint forms.  Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff two blank forms for a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody.  Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. [3]) is **DENIED** without prejudice at this time.

**IT IS FINALLY ORDERED** that if Plaintiff fails to timely comply with this Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 12th day of November, 2021.

*Sarah E. Pitlyk*
_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE