UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DONALD W. SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-117 SEP |
| | ) | |
| MARK DOBBS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

Before the Court is Plaintiff Donald W. Sanders's Amended Complaint. Doc. [6]. Because Plaintiff was granted *in forma pauperis* status, Doc. [5], the Court must review his Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff's Amended Complaint does not comply with the Court's previous instructions, and for the reasons set forth below, he is directed to file a Second Amended Complaint within 30 days of this Memorandum and Order.

### BACKGROUND

On August 17, 2021, Plaintiff, an inmate at the Memphis Federal Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983 against Sheriff Mark Dobbs, Deputy Sheriff Derek House, and Deputy Sheriff Brandon Lowe, all of whom are employed by the Butler County Sheriff's Department in Popular Bluff, Missouri. Doc. [1]. Plaintiff also named Amanda Altman, the attorney who represented him in his federal criminal case, *U.S. v. Sanders*, 1:19-CR-26-SRC-2 (E.D. Mo.). Plaintiff brought the action against all Defendants in their individual capacities only. He claimed that he suffered malicious abuse by Defendants Dobbs, House, and Lowe, alleging that they took turns assaulting him during his arrest on January 14, 2019, and failed to provide medical treatment for his injuries. Additionally, Plaintiff alleged that Defendant Altman violated his Sixth Amendment rights by failing to provide effective assistance of counsel. Plaintiff sought "reasonable punitive damages" for the claims against Defendants Dobbs, House, and Lowe, and requested that the Court vacate, set aside, or correct his federal sentence as relief for the alleged Sixth Amendment violation.

On November 12, 2021, the Court reviewed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915. Doc. [5]. As to his request to vacate, set aside, or correct his sentence, he was advised that he may not seek such relief in a civil rights action. *Id.* at 4 ("a federal inmate may bring a post-conviction challenge to the validity of a conviction and sentence only by filing a § 2255 motion with the judge who sentenced him."). The Clerk of Court provided Plaintiff with the proper form for filing a motion to vacate, set aside, or correct his sentence.

With respect to Plaintiff's excessive force and medical treatment claims against Defendants Dobbs, House, and Lowe, the Court directed him to file an amended complaint because it was unclear from his allegations how Defendants House and Lowe specifically assaulted Plaintiff or who denied him medical care. *See id.* at 3. Plaintiff was provided with the proper Court-provided form for filing an amended complaint and was explicitly ordered to "follow the instructions provided . . . in presenting his claims to the Court." *Id.* at 4. Plaintiff was specifically instructed on how to format the Court-provided form, including that he should format the "Statement of Claim" section by "writing the defendant's name" and in "separate, numbered paragraphs under that name . . . set forth a short and plain statement of the facts that support his claim or claims against that defendant." *Id.* at 4-5.

On December 13, 2021, Plaintiff filed his Amended Complaint against Sheriff Mark Dobbs, Deputy Sheriff Derek House, and Deputy Sheriff Brandon Lowe in their individual capacities for use of excessive force and denial of medical care.[1] Doc. [6]. In his Amended Complaint, Plaintiff alleges that during his arrest on January 19, 2019, Defendant House kicked him in his back, face, and mouth, causing serious dental issues. *Id.* at 5. Plaintiff also asserts Defendants House, Dobbs and Lowe took "turns assaulting [him] while handcuffed," including "striking" and "kicking" him, until his "face became a bloody mess." *Id.* at 5-6. In the section, titled "Injuries," Plaintiff alleges that Defendant Dobbs told the jail medical officer to not send him to the hospital or provide him with dental care. *Id.* at 10. Plaintiff states he was unable to see a dentist until he was in federal custody. *Id.*

Despite the Court's clear instructions, Plaintiff's Amended Complaint is not drafted properly. Plaintiff did not draft the Amended Complaint on the Court-provided Civil Rights

---

[1] Plaintiff expressly indicated his intent to "remove Amanda Altman from this action." Doc. [6] at 9.

2

Complaint form as is required by E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms[.]"); nor did Plaintiff follow the Court's detailed instructions on how to format his Statement of the Claim.

## LEGAL STANDARD

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The Court must assume the veracity of well-pled facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, "if the essence of an allegation is discernible," the Court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## DISCUSSION

Having thoroughly reviewed and liberally construed Plaintiff's Amended Complaint, and in consideration of Plaintiff's self-represented status and the serious nature of the allegations Plaintiff will be provided with one final opportunity to file a pleading that complies with the

local rules of this Court and the Federal Rules of Civil Procedure. **Plaintiff must submit his Second Amended Complaint on the Court's Prisoner Civil Rights Complaint form**, which will be provided to him again.

As Plaintiff was informed in this Court's previous Order, Doc. [5], Federal Rule of Civil Procedure Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct." And Rule 10(b) requires that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Plaintiff was directed to comply with Rules 8 and 10 in filing his Amended Complaint. Doc. [5] at 4-5. The Court recognizes that Plaintiff is representing himself, but even *pro se* plaintiffs are required to follow the Federal Rules of Civil Procedure. *See Ackra Direct Mktg Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996).

Moreover, Plaintiff is instructed that, in the "Caption" section of the Second Amended Complaint, he must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that individual is directly related to his claim. Plaintiff must also specify whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

**In the "Statement of Claim" section of his Amended Complaint, Plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, Plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant.** *See* Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If Plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If Plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). **For example, Plaintiff should write the name of the first defendant and in numbered paragraphs under that name**

**state how that specific defendant physically assaulted him and/or denied him medical care. Plaintiff should repeat this format for each named Defendant.**

**It is important that Plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for harming him.** *See Madewell*, 909 F.2d at 1208; *see also Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff must file a single, comprehensive pleading that sets forth his claims for relief. Plaintiff is warned that the filing of his Second Amended Complaint replaces previous complaints; it must include all claims Plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect.").

Accordingly,

**IT IS HEREBY ORDERED** that within **thirty (30) days of the date of this Memorandum and Order**, Plaintiff shall submit a Second Amended Complaint in accordance with the instructions set forth herein and in the Court's November 12, 2021, Memorandum and Order (Doc. [5]).

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FINALLY ORDERD** that if Plaintiff fails to comply with this Memorandum & Order, his action will be dismissed without prejudice and without further notice.

Dated this 21st day of December, 2021.

                                                                    _____
                                                                    SARAH E. PITLYK
                                                                    UNITED STATES DISTRICT JUDGE