# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| DONALD W. SANDERS,            ) | |
| Plaintiff,       ) | |
| vs.            ) | Case No. 1:21-CV-117 SEP |
| MARK DOBBS, et al.,            ) | |
| Defendants.       ) | |

## **MEMORANDUM AND ORDER**

Before the Court are Plaintiff's untimely Notice of Appeal,[1] Amended Notice of Appeal, Motion to Proceed *in forma pauperis* on Appeal, and Motion to Appoint Counsel on Appeal. Docs. [11]–[14]. The Court construes Plaintiff's untimely Notice of Appeal as a motion to reopen this closed matter and will grant the request. Plaintiff will have thirty (30) days to file a second amended complaint.

### BACKGROUND

On August 17, 2021, Plaintiff filed a Prisoner Civil Rights Complaint pursuant to 42 U.S.C. § 1983, and a Motion for Leave to Proceed *in forma pauperis*. Docs. [1], [2]. In his Complaint, Plaintiff asserted excessive force and denial of medical care claims against three employees of the Butler County Sheriff's Department, as well as an ineffective assistance of counsel claim against his attorney in his federal criminal case. Doc. [1] at 5. Plaintiff sought punitive damages against the Butler County employees and requested that the Court vacate, set aside, or correct his federal sentence due to the alleged ineffective assistance of counsel. *Id.* at 4.

On November 12, 2021, the Court reviewed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915. Doc. [5]. The Court held that this action was subject to dismissal for two reasons: (1) his request to vacate, set aside, or correct his federal sentence was an inappropriate form of

---

[1] Under Federal Rule of Appellate Procedure 4(a)(1), a notice of appeal in a civil case must be filed with the district clerk within 30 days after the judgment or order appealed from is entered. Fed. R. App. P. 4(a)(1). Here, the Court entered an Order of Dismissal on February 4, 2022. Thus, Plaintiff had 30 days thereafter (i.e., until March 6, 2022) to file his Notice of Appeal. His Notice was not filed until March 22, 2022, 46 days after the entry of judgment. To date, Plaintiff has not filed a motion to extend the time to file a notice of appeal.

relief in a civil rights action; and (2) it was unclear from his Complaint which Defendant or Defendants denied him medical care and how two of the three Butler County Defendants were involved in his excessive force allegations. *Id.* at 4.

The Court directed Plaintiff to file an amended complaint and provided him with instructions on how to amend. *Id.* at 4-5. Plaintiff was instructed to file the amendment on a Court-provided form and to format his statement of the claim by "writing [each] defendant's name" and "set[ting] forth a short and plain statement of the facts that support his claim or claims against that defendant" in "separate, numbered paragraphs." *Id.* Plaintiff was mailed the appropriate form and warned that his failure to timely comply would result in the dismissal of this action without prejudice and without further notice. *Id.* at 5.

On December 13, 2021, Plaintiff filed his Amended Complaint. Doc. [6]. Despite the Court's explicit instructions, the submission was not on a Court-provided Prisoner Civil Rights Complaint form, and Plaintiff failed to format his statement of the claim in the manner directed. On December 21, 2021, the Court provided Plaintiff with "one final opportunity" to submit a second amended complaint in compliance with the local rules of this Court and the Federal Rules of Civil Procedure. Doc. [7]. Plaintiff's second amended complaint was due on January 21, 2022. On February 4, 2022, after allowing him an additional two weeks to comply, the Court dismissed Plaintiff's action without prejudice for failure to comply with the Court's Order and failure to prosecute his case. Docs. [8], [9].

### NOTICE OF APPEAL, AMENDED NOTICE OF APPEAL, AND PENDING MOTIONS

On March 22, 2022, Plaintiff filed a Notice of Appeal, a Motion to Proceed *in forma pauperis* on Appeal, and a Motion to Appoint Counsel on Appeal, Docs. [11]–[13]. Plaintiff also filed an Amended Notice of Appeal, Doc. [14], and a Supplemental Notice of Appeal, Doc. [15]. In his Amended Notice, Plaintiff states:

> Notice hereby Request[s] that Donald W. Sanders, appeals to the United States District Court Judge, Sarah E. Pitlyk, judgment entered in this action on this day of February 4[,] 2022.
>
> The Plaintiff is asking This Court to Rescind the order to dismiss due to the fact[] the Plaintiff was unable to comply to [the] Court['s] Memorandum and Order. Furthermore[,] the Plaintiff did ask the Clerk of the Court for a[] Continuance due to facts in said written letter to Court.

*Id.* Similarly, his Supplemental Notice of Appeal states that he appeals to the Eighth Circuit from the final judgment this Court entered on February 4, 2022.  Doc. [15] at 1.

Because Plaintiff indicates that he attempted to file a motion for extension of time to comply with the December 21, 2021, Order and specifically requests that the Court "rescind the order to dismiss," rather than appeal to the Eighth Circuit, this Court construes Plaintiff's untimely Notice of Appeal as a motion to reopen this case.  The Court grants that request and will provide Plaintiff with an opportunity to cure his pleading deficiencies.  Although the Clerk of Court did not receive Plaintiff's purported motion for extension of time, the Court will accept his representations and, for good cause shown to justify relief, reopen the instant matter.[2]  Moreover, because the Court will reopen Plaintiff's case, his Motion for Leave to Proceed *in forma pauperis* on Appeal, Doc. [12], and Motion to Appoint Counsel on Appeal, Doc. [13], are denied as moot.

### INSTRUCTIONS FOR FILING A SECOND AMENDED COMPLAINT

**Plaintiff must submit his second amended complaint on the Court's Prisoner Civil Rights Complaint form**, which will be provided to him again.  *See* E.D. Mo. L. R. 2.06(A).  Plaintiff may not amend a complaint by filing separate documents.  Instead, he must file a single, comprehensive pleading that sets forth his claims for relief.  Plaintiff is warned that the filing of his second amended complaint will replace the amended and original complaints, and so it must include all claims Plaintiff wishes to bring.  *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) (citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect.").

Plaintiff must comply with Federal Rule of Civil Rule 8(a)(2), which requires his second amended complaint to contain "a short and plain statement of the claim showing that the pleader

---

[2] Under Federal Rule of Civil Procedure 60(b), "the court may relieve a party . . . from a final judgment, order, or proceeding" for reasons including:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or was based on an earlier judgment that was reversed or vacated, or applying the judgment is no longer equitable; or (6) any other reason that justifies relief."  "A motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).

3

is entitled to relief."  Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct."  Additionally, Federal Rule of Civil Procedure 10(b) requires that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Plaintiff's previous non-compliance with Rules 8 and 10 made it challenging for this Court to review Plaintiff's claims pursuant to § 1915 and for Defendants to respond to his allegations.  The Court recognizes that Plaintiff is representing himself in these proceedings, but even *pro se* plaintiffs are expected to follow the Federal Rules of Civil Procedure.  *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996).

In the "Caption" section of the second amended complaint, Plaintiff must state the first and last name (if he knows it) of each defendant he wishes to sue.  *See* Fed. R. Civ. P. 10(a).  Plaintiff must avoid naming anyone as a defendant who is not directly related to his claim.  He must also specify whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

**In the "Statement of Claim" section, Plaintiff should begin by writing the defendant's name.  In separate, numbered paragraphs under that name, Plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant.**  *See* Fed. R. Civ. P. 8(a).  Each allegation must be simple, concise, and direct.  *See id.*  Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances."  *See* Fed. R. Civ. P. 10(b).  If Plaintiff names a single defendant, he may set forth as many claims as he has against that defendant.  *See* Fed. R. Civ. P. 18(a).  If Plaintiff names more than one defendant, he should include only claims that arise out of the same transaction or occurrence, or put differently, claims that are related to each other.  *See* Fed. R. Civ. P. 20(a)(2).  **For example, Plaintiff should write the name of the first defendant and in numbered paragraphs under that name state the supportive facts.  Plaintiff should repeat this format for every named defendant.**

It is important that Plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for harming him.  *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).  Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do.  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) ("The essential function of a complaint . . .

4

is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Plaintiff must allege: (1) who specifically assaulted him and how he was assaulted; and (2) who specifically denied him medical care and how such care was denied.

Plaintiff shall have thirty (30) days from the date of this Order to file a second amended complaint. If Plaintiff fails to file the second amended complaint within thirty (30) days, the Court will dismiss this action without prejudice. After Plaintiff files his second amended complaint, the Court will review the pleading pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim and/or defendant must survive § 1915 review for Plaintiff to proceed on those claims in this lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's untimely Notice of Appeal, Doc. [11], construed as a motion to reopen this closed case, is **GRANTED**.

**IT IS FURTHER ORDERED** that the Order of Dismissal entered on February 4, 2022, is **VACATED** and the instant matter is **REOPENED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed *in forma pauperis* on Appeal, Doc. [12], and Motion to Appoint Counsel on Appeal, Doc. [13] are **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff will have **thirty (30) days from the date of this Order** to submit a second amended complaint in accordance with the instructions herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FINALLY ORDERED** that if Plaintiff fails to timely comply with this Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 19th day of August, 2022.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE