**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| DONALD W. SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-CV-117 SEP |
| | ) | |
| MARK DOBBS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**MEMORANDUM AND ORDER**</u>

Before the Court is pro se Plaintiff Donald W. Sanders's Second Amended Complaint. Doc. [19].  The Court previously granted Plaintiff *in forma pauperis* status and therefore reviews his amended pleading under 28 U.S.C. § 1915(e)(2).  For the reasons set forth below, the Court will issue service on Defendants Sheriff Mark Dobbs, Deputy Sheriff Derek House, and Deputy Sheriff Brandon Lowe in their individual capacities as to Plaintiff's excessive force claims.

**FACTS AND BACKGROUND**

On August 17, 2021, Plaintiff, an inmate at the Memphis Federal Correctional Institution, filed this action under 42 U.S.C. § 1983 against Defendants Sheriff Mark Dobbs, Deputy Sheriff Derek House, and Deputy Sheriff Brandon Lowe, all of whom are employed by the Butler County Sheriff's Department in Popular Bluff, Missouri.  After dismissing Plaintiff's action for failure to comply with a prior order, the Court reopened the instant matter in its August 19, 2022, Order, and directed Plaintiff to file a second amended complaint.  *See* Doc. [16].

On October 18, 2022, Plaintiff filed his Second Amended Complaint against Defendants Dobbs, House, and Lowe in their official and individual capacities.  Doc. [19].  Plaintiff alleges that he and his brother were being investigated for "residential burglaries in the Poplar Bluff area where several firearms were stolen." *Id.* at 3-4, 7-8.  On February 14, 2019, "law enforce[ment] authorities arrested [him] for possessing (6) stolen firearms as a convicted felon." *Id.*  Plaintiff states that he and his brother were arrested after they "led police [on a] high speed pursuit." *Id.* at 7.  Plaintiff states his vehicle "crashed" and Defendant House "quickly apprehended" him. *Id.*  Plaintiff alleges House "started kicking [and] punching [him] in the face and mouth[,] knocking him to the ground" and "kneeing him in his lower back[.]" *Id.*  Plaintiff claims that Defendants

Lowe and Dobbs assisted House in the excessive force by also "punching [him] in the face and mouth[.]" *Id.* at 9.  After he was transported to the Sheriff's Department, Plaintiff claims Defendant Dobbs "ordered that the medical officer of the jail not [] send him for outside medical care or provide him with dental care." *Id.*  Plaintiff asserts that he did not receive medical treatment until he was transferred into federal custody two months later. *Id.* at 9, 12.  Plaintiff does not name the medical officer as a defendant in this action and does not allege that Defendant Dobbs had any authority to order the medical officer of the jail to decline treatment.

Plaintiff describes his injuries as "broken and knocked out teeth" as well as knee, back, and facial pain. *Id.* at 12.  He claims that after he was transferred to federal prison, he was prescribed pain medication and is still waiting for some of his teeth to be pulled. *Id.*  For relief, Plaintiff seeks $100,000 from each defendant for actual and punitive damages. *Id.* at 13.

## LEGAL STANDARD

This Court must dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2).  An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is "context specific" and requires "the reviewing court to draw on its experience and common sense." *Id.* at 679 (citing *Twombly*, 550 U.S. at 556).  The Court must assume the veracity of well-pled facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court liberally construes complaints filed by pro se litigants. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  "[I]f the essence of an allegation is discernible," the Court "construe[s] the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364

F.3d 912, 914 (8th Cir. 2004)).  Nevertheless, even complaints filed by pro se litigants "must allege facts which, if true, state a claim for relief as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules "so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## DISCUSSION

## I.  <u>Official Capacity Claims against Defendants House, Lowe, and Dobbs</u>

An official capacity claim against an individual is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017); *see also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016) ("A plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer."); *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent.").  To prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075.

Plaintiff alleges that Defendants House, Lowe, and Dobbs are employees of the Butler County Sheriff's Department.  As such, the official capacity claims against them are claims against the Sheriff's Department itself.  A suit against the County Sheriff's Department fails, however, because county jails and police departments are not suable entities. *See Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("[C]ounty jails are not legal entities amenable to suit."); *see also Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) ("[D]epartments or subdivisions" of local government are not "juridical entities suable as such."); *De La Garza v. Kandiyohi Cnty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

Even if Butler County itself was substituted as the proper party defendant, Plaintiff has failed to state a claim against it.  A local governing body can be sued directly under § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).  Such liability may

3

attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018); *see also Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Plaintiff has not alleged that Butler County has an unconstitutional policy or custom that makes it liable for the alleged violations of his constitutional rights. He alleges neither any policy or custom nor any pattern of similar constitutional violations by other Butler County employees. Plaintiff's Second Amended Complaint strictly addresses his own experience concerning the force used during his arrest and the alleged one-time instruction Dobbs personally made to the jail's medical director to not treat his injuries. Therefore, Plaintiff's official capacity claims against Defendants must be dismissed. *See Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

## II.    Individual Capacity Claims against Defendants House, Lowe, and Dobbs

Plaintiff alleges that Defendants House, Lowe, and Dobbs used excessive force when arresting him. Because Plaintiff was not a convicted and sentenced prisoner at the time of arrest, the Court construes this claim under the Fourth Amendment. "The Fourth Amendment protects citizens from being seized through excessive force by law enforcement officers." *Thompson v. City of Monticello*, 894 F.3d 993, 998 (8th Cir. 2018) (internal citation omitted); *see also Andrews v. Fuoss*, 417 F.3d 813, 818 (8th Cir. 2005) ("The right to be free from excessive force is included under the Fourth Amendment's prohibition against unreasonable seizures of the person."); *Wilson v. Spain*, 209 F.3d 713, 715 (8th Cir. 2000) ("The Fourth Amendment's prohibition against unreasonable seizures of the person applies to excessive-force claims that arise in the context of an arrest or investigatory stop of a free citizen[.]") (internal quotations omitted). The violation of that right is sufficient to support a § 1983 action. *Crumley v. City of St. Paul*, 324 F.3d 1003, 1007 (8th Cir. 2003). "However, not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Robinson v. Hawkins*, 937 F.3d 1128, 1135-36 (8th Cir. 2019).

Law enforcement officers undoubtedly have a right to use some degree of physical force, or threat of physical force, to conduct a lawful seizure. *Chambers v. Pennycook*, 641 F.3d 898, 907 (8th Cir. 2011). The Eighth Circuit recently explained how to evaluate such claims:

> When evaluating a Fourth Amendment excessive force claim under § 1983, we consider "whether the amount of force used was objectively reasonable under the particular circumstances." *Michael v. Trevena*, 899 F.3d 528, 532 (8th Cir. 2018). We evaluate the reasonableness of the force used from the perspective of a reasonable officer on the scene, not with the benefit of hindsight. *Id.* This evaluation entails careful consideration of the case's particular facts and circumstances, including: "(1) the severity of the crime at issue; (2) whether the suspect posed an immediate threat to the safety of the officers or others; and (3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight." *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 396, 109 S. Ct. 1865, 104 L.Ed.2d 443 (1989)). We may also consider the result of the use of force. *Crumley v. City of St. Paul*, 324 F.3d 1003, 1007 (8th Cir. 2003).

*Kohorst v. Smith*, 968 F.3d 871, 876 (8th Cir. 2020).

Here, Plaintiff admits that he was initially trying to evade police by engaging in a high-speed chase. After his truck "crashed," he was "quickly apprehended," and all three Defendants kicked and punched him in the face, and kneed him in the back.[1] Plaintiff asserts that he was punched so hard that some of his teeth were knocked out. Liberally construing and accepting those factual allegations as true, at this pleading stage of the litigation, Plaintiff's claims of excessive force against Defendants suffice to survive initial review. Accordingly, the Court directs Clerk of Court to serve process upon Defendants in their individual capacities as to Plaintiff's excessive force claims.[2]

To the extent that Plaintiff intends to bring a deliberate indifference claim against Defendant Dobbs for lack of medical treatment, such a claim fails. To prevail on a deliberate indifference claim,[3] Plaintiff must show that he suffered from an objectively serious medical

---

[1] Although amended complaints completely replace previously filed complaints, the Court notes that Plaintiff previously pled that he was handcuffed when he was allegedly kicked and punched by Defendants. *See* Doc. [1] at 5.

[2] The Court cautions Plaintiff that the preliminary determination directing service of process rests solely on the allegations contained in the Second Amended Complaint. Doc. [19]. That determination speaks neither to the merits of Plaintiff's claim nor to the viability of any potential defenses.

[3] The Eighth Circuit has not resolved whether an arrestee's deliberate indifference claim is analyzed under the Due Process Clause or the Fourth Amendment's objective reasonableness standard. *See Bailey v. Feltmann*, 810 F.3d 589, 593 (8th Cir. 2016). For the reasons set forth in this Order, Plaintiff fails to allege facts supporting a deliberate indifference claim under any possible applicable standard.

need, and that defendants actually knew of and disregarded that need.  *Roberts v. Kopel*, 917
F.3d 1039, 1042 (8th Cir. 2019). Plaintiff alleges that when Defendant Dobbs dropped him off at
the Butler County Sherriff's Department, Dobbs told the medical officer to decline to treat his
injuries.  Consequently, Plaintiff claims, he did not receive medical treatment until he was
transferred into federal custody two months later.  *Id.* at 9, 12.  But Plaintiff does not name the
medical officer as a defendant in this action, nor does he allege that Dobbs exercised any
decision-making authority over that medical officer, such that Dobbs could compel that officer to
decline treatment or otherwise dictate the course of any inmate's medical treatment.  Plaintiff
also does not allege that he asked for medical treatment after he was booked into the jail; nor
does he state who, if anyone, denied such requests for medical treatment.  Because the Second
Amended Complaint does not name a defendant who refused to provide Plaintiff with medical
care, to the extent that Plaintiff raises a deliberate indifference claim, it fails.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process
to issue upon the Second Amended Complaint as to Defendants Sheriff Mark Dobbs, Deputy
Sherriff Derek House, and Deputy Sheriff Brandon Lowe.  Defendants shall be served by
issuance of summons and service by the U.S. Marshal's Service at the Butler County Sheriff's
Department, 200 Phillip Kearbey Boulevard, Poplar Bluff, Missouri 63901.  Defendants must be
personally served.

**IT IS FURTHER ORDERED** that Plaintiff's claims brought against Defendants Mark
Dobbs, Derek House, and Brandon Lowe in their official capacities are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's deliberate indifference claim against
Defendant Sheriff Mark Dobbs in his individual capacity is **DISMISSED**.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 29th day of November, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

6