# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| DONALD W. SANDERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21-CV-117-SEP |
| MARK DOBBS, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Donald W. Sanders's third Motion for Appointment of Counsel. Doc. [30]. For the reasons set forth below, the motion is denied without prejudice.

In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) ("A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case."). Still, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers factors such as the complexity of the facts and legal arguments, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds the appointment of counsel unwarranted at this time. Plaintiff brings this action against three defendants: Sheriff Mark Dobbs, Deputy Sheriff Derek House, and Deputy Sheriff Brandon Lowe. *See* Doc. [19]. On November 29, 2022, the Court reviewed Plaintiff's second amended complaint pursuant to 28 U.S.C. § 915(e)(2)(B) and directed that Defendants be served by the U.S. Marshal's Service. Doc. [20]. Defendants Dobbs and House have been personally served and filed timely answers. *See* Doc. [28]. Defendant Lowe, however, has yet to be personally served with the amended

complaint. On January 5, 2023, the Court ordered counsel for Defendants Dobbs and House to submit the last known residential address for Defendant Lowe under seal and *ex parte*. Counsel has just responded to the Court Order. Consequently, one out of the three defendants have not yet filed a responsive pleading.

Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. A Case Management Order has not yet been issued, and no motions have been filed requiring Plaintiff to respond. At this stage of the litigation, neither the factual nor the legal issues in this case appear to be especially complex. Because the circumstances in this action have not changed since Plaintiff's first and second requests for appointment of counsel, the third motion will be denied, but the Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. [30] is **DENIED** without prejudice.

Dated this 31st day of January, 2023.

*Sarah E. Pitlyk*
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE